ARMIN FRAENKEL, Appellant, v. JONATHAN FRIEDMANN, Respondent.

Contract — when owner, who elects to terminate a building contract, must pay contractor the contract price, less amount necessary to complete building.

Where a defendant, an owner, elects to "terminate the employment" pursuant to a provision of a building contract, and proceeds personally with the completion thereof, he must pay the contractor the amount of the contract price, less the amount necessary for the completion thereof, as provided by the provisions of the contract authorizing the termination of the employment.

*Fraenkel* v. *Friedmann*, 130 App. Div. 903, reversed.

(Argued June 17, 1910; decided October 11, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 2, 1909, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Sumner B. Stiles* and *Samuel J. Cohen* for appellant. Even if the plaintiff had failed to show substantial performance of his contract, yet, as the defendant, under the terms of article 5 of the contract, had served upon the plaintiff a written notice that the defendant would " take possession for the purpose of completing the work included in the contract " himself, and would " employ such persons and provide such materials therefor " as he should " deem proper and necessary," and introduced evidence upon the trial that he had employed other contractors to complete the work which he claimed the plaintiff had not performed, and as the unpaid balance still due under the contract exceeded the " expense incurred by the owner in finishing the work " the plaintiff was entitled to recover " such excess," and it was reversible

error to dismiss the complaint. ( *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Weeks* v. *O'Brien*, 141 N. Y. 199; *Ringle* v. *W. I. Works*, 149 N. Y. 439; *Early* v. *O'Brien*, 51 App. Div. 569; *Smith* v. *Wetmore*, 167 N. Y. 234.)

*Laurence Arnold Tanzer* for respondent. There is no basis for a recovery of a balance under the provisions of article 5 of the contract. ( *Woodhull* v. *Rosenthal*, 61 N. Y. 382; *Thomson* v. *Bank of North America*, 82 N. Y. 1; *Burnap* v. *National Bank*, 96 N. Y. 125; *Travis* v. *Travis*, 122 N. Y. 449; *Ostrander* v. *Hart*, 130 N. Y. 406; *Sherman* v. *Foster*, 158 N. Y. 587; *Ogden* v. *Alexander*, 140 N. Y. 356.)

CHASE, J. This is an action to foreclose a mechanic's lien. The plaintiff entered into a contract with the defendant to do certain work, and furnish certain materials, for which he was to be paid $1,050. There was a delay in carrying out the contract, and the time in which it was to be completed was twice extended by the defendant. The defendant claims that it was not then completed. The architect refused from time to time to give the plaintiff a certificate showing that he had partially completed his contract according to the terms thereof, and when the plaintiff asserted that he had fully completed the contract, and asked for a final certificate from the architect, it was refused. The defendant had, however, without the architect's certificate, given the plaintiff $300 on account. Subsequent to the extended time for the completion of the contract the defendant terminated the plaintiff's employment. Thereafter a mechanic's lien was filed, upon which, about a year thereafter, this action was brought and the plaintiff claims that the defendant is indebted to him in the sum of $750, being the amount agreed to be paid pursuant to the contract, less the payment made thereon.

The court before whom the action was tried made findings of fact by which it appears that the plaintiff did not perform the work and furnish the materials required to be performed and furnished under the contract, either wholly or substan-

tially, and that he deviated from the terms of the contract in many particulars, some of which are stated in the findings. Judgment was directed dismissing the plaintiff's complaint. From the judgment entered thereon an appeal was taken to the Appellate Division, where it was affirmed by a divided court. The plaintiff insists that there is no evidence to sustain the material findings of fact relating to his failure to substantially perform his contract. It is unnecessary to review the evidence relating to such findings or to determine the merit of the plaintiff's claim in view of the conclusion we have reached upon another branch of the case.

In the contract is a provision as follows:

"Art. V. Should the contractor at any time refuse or neglect to supply a sufficiency of properly skilled workmen, or of materials of the proper quality, or fail in any respect to prosecute the work with promptness and diligence, or fail in the performance of any of the agreements herein contained, such refusal, neglect or failure being certified by the architect, the owner shall be at liberty, after three days' written notice to the contractor, to provide any such labor or materials, and to deduct the cost thereof from any money then due or thereafter to become due to the contractor under this contract; and if the architect shall certify that such refusal, neglect or failure is sufficient ground for such action, the owner shall also be at liberty to terminate the employment of the contractor for the said work and to enter upon the premises and take possession for the purpose of completing the work included under this contract, of all materials, tools and appliances thereon, and to employ any other person or persons to finish the work and to provide the materials therefor; and in case of such discontinuance of the employment of the contractor he shall not be entitled to receive any further payment under this contract until the said work shall be wholly finished, at which time, if the unpaid balance of the amount to be paid under this contract shall exceed the expense incurred by the owner in finishing the work, such excess shall be paid by the owner to the contractor; but if such expense

shall exceed such unpaid balance, the contractor shall pay the difference to the owner. The expense incurred by the owner as herein provided, either for furnishing materials or for finishing the work, and any damage incurred through such default, shall be audited and certified by the architect, whose certificate thereof shall be conclusive upon the parties."

The right therein given to terminate the employment of the plaintiff is permissive to the owner. It is for the benefit of the owner and not for the benefit of the contractor. In case of a failure by the contractor as specified in the section " the owner shall be at liberty " as therein provided to take advantage of the provisions of that section of the contract. He is not compelled to do so. That section of the contract does not take away from the owner his right to terminate and cancel the contract in case of substantial failure of the contractor to perform his contract. Where a building contract provides that the materials shall be furnished and labor performed for a gross sum and by a day fixed in the contract for the full completion thereof, and the contractor fails to perform by the day so fixed the owner may insist on his strict legal right and put an end to the contract. (*Deeves & Son* v. *Manhattan Life Ins. Co.*, 195 N. Y. 324.) In such a case where the day fixed by the contract for the full completion thereof is extended and there is a failure to perform by the day so extended the owner may as upon the day fixed in the contract put an end to the contract.

In this case the time for the plaintiff to complete his contract was extended, and the trial court has found " that plaintiff had not at that time (the day fixed in the contract for the completion thereof) and has not at any time performed the work and furnished the materials required to be performed and furnished under the contract either wholly or substantially." It was optional, therefore, with the defendant, after the day on which the time for the completion of the contract had been extended, to put an end to the contract and stand upon his legal rights or terminate the plaintiff's employment as provided by the contract and proceed under the contract to

complete the work and furnish the materials as provided for therein. The defendant's exercise of the option appears in a letter written upon the business paper of the architect and addressed to the plaintiff. It was delivered to the plaintiff June 20, and the following is a copy thereof:

"Dear Sir: I beg to notify you that by reason of your continued neglect to perform your contract and your failure to supply workmen and materials to complete the same and your performance of the work contrary to the plans and specifications prepared by the architect and your failure to complete the work by the 15th of May, the time fixed in the contract, notwithstanding the numerous notices hereinbefore sent you by me, and the architect having certified to your refusal and failure as sufficient ground for the termination of your employment by me, I hereby advise you that your employment as contractor is terminated and I shall enter upon the said premises and take possession for the purpose of completing the work included in the contract myself, and shall employ such persons and provide such materials therefor as I deem proper and necessary.

"Very truly yours,
"JONATHAN FRIEDMANN."

The letter does not appear to be a cancellation of the contract or an assertion by the defendant that he intends to stand upon his legal rights, but a statement first of his reasons for the termination of the plaintiff's employment as contractor, followed by a notice of such termination. It does not in terms purport to terminate and cancel the contract, but does in terms state: " I shall enter upon the said premises and take possession *for the purpose of completing the work included in the contract myself.*"

The numerous notices mentioned in the letter were actually sent by the architect, and they include a notice relating to certain granite caps in which he says " the owner will proceed to at once employ other parties to do the said work and deduct the full cost from the amount due on your contract." and a

notice relating to delay in which he says: "Article V of the agreement we have entered into fully covers the conditions as they exist *and I am acting under its terms.*"

Where an owner completes the contract at the contractor's expense pursuant to a provision of the contract, the right thereafter to claim that the contractor had forfeited the benefits of the contract are thereby waived and all the owner can claim is the proper deduction from·the contract price. (*Ringle* v. *Wallis Iron Works,* 149 N. Y. 439, 445.)

It has also been held that where a notice has been given to the contractor that the owner himself would resume charge of the work and complete the contract, the requirement in the contract that the certificate of the architect is a condition precedent to a recovery has no application. (*Smith* v. *Wetmore,* 167 N. Y. 234; *Early* v. *O'Brien,* 51 App. Div. 569; *Weeks* v. *O'Brien,* 141 N. Y., 199, 204.)

If more care had been taken by the parties to this action in stating their respective claims in the pleadings, the great confusion that now exists about the rights of the parties would have been avoided and much, if not all, of the litigation between the parties subsequent to the joining of issue would have been saved.

The principal contention of the plaintiff, as appears from his complaint, was that he had fully completed his contract. He further alleged that the provision of the contract requiring a certificate from the architect had been waived by the defendant, and also that the defendant served upon him a notice under said section five of the contract, and that the defendant entered into possession of the building mentioned in said contract pursuant to said notice.

If the plaintiff was right in his principal contention, it would entitle him to a judgment for the contract price without deduction. This he demanded in his complaint. The fact of the notice and of the defendant's taking possession of the building under the notice is, nevertheless, alleged as stated, and his demand for judgment includes a general demand for such judgment as may be necessary to protect his rights.

The defendant by his answer denied most of the allegations of the complaint, but admitted, among other things, "that the defendant notified the plaintiff that by reason of plaintiff's failure to complete the work according to the contract that *his employment was terminated.*" He did not allege a cancellation and termination of the contract itself. When it appeared during the trial that at least there were some failures on the part of the plaintiff to complete his contract, he asked to amend his complaint to show that the contract was substantially performed, except in a few trivial particulars, not amounting to more than $25, which amendment was allowed.

That there was no misunderstanding on the trial as to the position of the plaintiff in regard to recovering any balance that might remain after allowing the defendant the amount necessary to complete the contract appears from the record.

The plaintiff, in his opening statement, said that he claimed that if the contract was not fully completed, that as the owner gave him a notice under section five of the contract, that he thereby became his agent to complete the contract, and that he was in that case entitled to recover the contract price, less the cost to the defendant to complete the contract according to its terms.

The record does not show any deviation from such contention. A large amount of testimony was taken on behalf of defendant to show what he expended after giving the notice of June 20, and what it would cost to complete the contract in accordance with his contention. No objection was taken on the trial when the plaintiff offered said letter in evidence or at any time when evidence was offered relating to the question of the expense of completing the contract as claimed by the defendant, that the same was inadmissible under the pleadings, and no objection was taken at any time that testimony offered was inadmissible under the pleadings except in one case when the defendant claimed that the plaintiff could not, under the pleadings, show substantial performance of the contract, and it was after such objection that the amendment referred to was offered and allowed.

Where a defendant, an owner, elects to terminate an employment pursuant to a provision of the contract, and proceeds personally with the completion thereof, he must pay the contractor the amount of the contract price less the amount necessary for the completion thereof as provided by the provisions of the contract authorizing .the termination of the employment. If he is to stand upon his legal rights apart from the permissive authority given to him under the contract to take possession and complete the contract he should clearly assert such legal rights and terminate the contract itself. (*Ogden* v. *Alexander*, 140 N. Y. 356.) In a case where an owner terminated an employment and asserted his right under the contract, it was said by this court in *Van Clief* v. *Van Vechten* (130 N. Y. 571, 577): "If nothing is due to the contractor pursuant to the contract, when a lien is filed and he abandons the undertaking *without just cause*, but the owner completes the building according to the contract and under a provision thereof permitting it, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid when the lien was filed."

It is claimed by the defendant that the findings of the court do not present a question as to whether the plaintiff was entitled to recover the balance due on his contract less the amount necessary to complete the same. While .the findings are unsatisfactory, it does appear therefrom that section five of the contract as quoted was a part of the contract and that the defendant after the alleged failure of the plaintiff served upon him the notice which we have quoted and the trial court was asked to find " That it became the duty of the defendant after the service of the notice on plaintiff on or about June 20, 1906, to complete any work remaining undone and furnish any materials required therefor under said contract and to do so within a reasonable time ; " also, " That defendant would be and is entitled to deduct the fair and reasonable cost of doing any work required to be done under said contract left undone by the plaintiff."

Each of these proposed findings was refused by the court.

The defendant did not request the court to find what amount, if anything, was expended by him in the completion of the contract or what amount would be required by him to complete the same, neither did the defendant request the court to find nor did the court find that the defendant canceled and terminated the contract.

We think that upon the findings the plaintiff was entitled at least to nominal damages and that there has been a mistrial in this case in holding the plaintiff as in a case where the defendant had elected to cancel and annul the contract by reason of his failure to substantially perform the same. A re-trial may enable the parties better to present their respective contentions, and so better enable the court to determine what judgment should be rendered in the action.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur; GRAY, J., absent.

Judgment reversed, etc.