HERRMANN & GRACE, Plaintiff, *v.* RICHARD W. HILLMAN et al., Defendants.

THE CITY OF NEW YORK, et al., Respondents; B. F. STURTEVANT COMPANY et al., Appellants.

Liens — municipal corporations — when municipality liable only for amount due contractor at time contract was forfeited.

1. To entitle a lienor to recover on a lien against a municipality it is incumbent upon him to show either that the contractor performed his contract, and that by reason of such performance some amount became due and owing thereon, or that by reason of some special provision of the contract there was when the lien was filed something due such contractor thereon or that something became due him upon it thereafter applicable to the payment of such lien. (Lien Law [Cons. Laws, ch. 33], § 60.)

2. A contract provided that on default by the contractor the owner could cancel it and proceed to finish the work and furnish the material required so as to fully execute it in every respect, and further that " the cost and expense thereof at the reasonable market rates shall be a charge against the contractor, who shall pay to the party of the first part the excess thereof, if any, over and above the unpaid balance of the amount to be paid under this contract; and the contractor shall have no claim or demand to such unpaid balance, or by reason of the non-payment thereof to them." *Held,* that after the contract was forfeited the contractor had no rights of any kind whatever under it and hence liens filed against him attach only to the sum actually due him at the time of the forfeiture.

*Herrmann & Grace* v. *Hillman,* 139 App. Div. 902, affirmed.

(Argued October 24, 1911; decided November 28, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 17, 1910, affirming a judgment in favor of defendants, respondents, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edward B. Bloss* and *Omri F. Hibbard* for B. F. Sturtevant Company et al., appellants. The sum at least of $3,615 or $3,990 was actually earned on the original contract before the contractor's default, and became subject to the liens of the lienor appellants upon the filing of the same. (*Kane Co.* v. *Kinney*, 174 N. Y. 69; *Kelly* v. *Bloomingdale*, 139 N. Y. 343; *Miller* v. *Mead*, 127 N. Y. 544; *Van Clief* v. *Van Vechten*, 130 N. Y. 571; *Rieser* v. *Commeau*, 129 App. Div. 490.) The lienor appellants are entitled to the whole balance remaining unpaid in the hands of the city comptroller. (*Crawford* v. *Becker*, 13 Hun, 375; *Martin* v. *Flahive*, 112 App. Div. 347; *Person* v. *Stoll*, 72 App. Div. 141; 174 N. Y. 548; *People ex rel. Treat* v. *Coler*, 166 N. Y. 144; *Hutton Brothers* v. *Gordon*, 2 Misc. Rep. 267; *Bader* v. *City of New York*, 51 Misc. Rep. 358.) The board of education was not authorized by the terms of the original contract to forfeit the same, and forfeiture of the "unpaid balance" is in contravention of the Lien Law. (*Powers* v. *City of Yonkers*, 114 N. Y. 145; *Rice* v. *Culver*, 172 N. Y. 60; *Nat. W. P. Co.* v. *Sire*, 163 N. Y. 122.)

*J. Power Donellan* for Johnson Service Company, appellant. The city could not declare the contract abandoned under clause Q. It had only the right to complete the contract and charge the cost to the balance unpaid. (*Herrman & Grace* v. *City of New York*, N. Y. L. J., Dec. 29, 1906.) The city, having completed the contract

pursuant to the right reserved therein, its right to declare a forfeiture thereof for non-performance is gone and there can be no forfeiture. (*White* v. *Livingston*, 69 App. Div. 370; *Van Clief* v. *Van Vechten*, 130 N. Y. 580; *Mack* v. *Colleran*, 136 N. Y. 617; *Ogden* v. *Alexander*, 140 N. Y. 362; *Graf* v. *Cunningham*, 109 N. Y. 369; *Wheeler* v. *Schofield*, 67 N. Y. 311; *Murphy* v. *Buckman*, 66 N. Y. 297; *Campbell* v. *Coon*, 149 N. Y. 556; *Dyer* v. *Osborne*, 28 Misc. Rep. 234; *Robinson* v. *C. C. Assn.*, 35 App. Div. 439.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *John L. O'Brien* of counsel), for respondents. In order to entitle the lienors to enforce their liens it was incumbent upon them to show that the contractor performed his agreement and that there was something due and owing to him to which the liens could attach. (*Brainard* v. *Kings County*, 155 N. Y. 538; Code Civ. Pro. § 533; *Cochran* v. *Reich*, 91 Hun, 440; *Sager* v. *Gonnermann*, 50 Misc. Rep. 500; *Kelly* v. *Bloomingdale*, 139 N. Y. 343; *Hawkins* v. *Burrell*, 69 App. Div. 462; *Paturzo* v. *Shuldiner*, 125 App. Div. 637; *Siegel* v. *Ehrshowsky*, 46 Misc. Rep. 605; *Lemieux* v. *English*, 19 Misc. Rep. 545; *Keavy* v. *De Rago*, 29 Misc. Rep. 105; *Ball & Wood Co.* v. *Clark & Sons Co.*, 31 App. Div. 356.) When the contract in suit was declared abandoned by the board of education, pursuant to clause Q, the rights of the contractor under it ceased and determined, and he no longer had any interest in any of its terms or provisions. (*Jones* v. *City of New York*, 60 App. Div. 161; 174 N. Y. 517.) When a contractor unjustifiably abandons his contract he forfeits his right to all moneys which may subsequently accrue thereunder; and neither he nor those who claim to be subrogated to his rights are entitled to a lien on any such moneys. (30 Am. & Eng. Ency. of Law [2d ed.], 1213; *Wexler* v. *Rust*, 144 App. Div. 296; *Upson* v. *U. E. & C. Co.*, 130 N. Y. Supp.

726.) A clause authorizing the owner, in case of a contractor's default, to abrogate a contract and declare a forfeiture, is not inconsistent with a provision which empowers the owner, upon such a default, to complete the contract at the contractor's expense and charge to him the difference between the cost of completion and the contract price. (*United States* v. *Perkins,* 143 Fed. Rep. 688.)

CHASE, J. On the 7th day of August, 1905, the board of education of the city of New York and the City of New York entered into a contract with Richard W. Hillman to erect a heating and ventilating plant in a public school building in the borough of Bronx, New York city. The contract provided among other things, as follows: " If the contractor shall well and faithfully perform and fulfill this contract, and keep every covenant on his part herein contained, the party of the first part will then, but not before, pay to the contractor the sum of $29,370.00."

It further provided that in order to enable the contractor to perform the work advantageously, the consideration should be paid in installments of eighty-five per cent of the value of the work performed upon application made in writing to the superintendent by the contractor, together with an accurate schedule in detail of the materials furnished and work done since the last preceding payment.

It also provided that the final payment of the balance due and unpaid under the contract, including fifteen per cent of the total amount of the contract price, shall be payable thirty days " after the contract is fully performed, completed, and the entire work accepted, and when the work is all complete, as herein provided, and the keys delivered to the superintendent of school buildings."

The contractor entered upon the execution of the work

and furnished materials therefor, a large part of which
was purchased from others on credit.   He continued in
the performance of the work until June 18th, 1906,
on which day a petition in involuntary bankruptcy was
filed against him and he wholly abandoned the contract.
At that time the contract was not completed.   He had
at that time been paid on·account of his contract and
according to the terms thereof $20,465, and·there was at
that time due to him and unpaid but certified for payment
the sum of $2,125.

On the 27th day of June, 1906, the board of education
passed a resolution that the contracts with Hillman "be
and the same are hereby declared voided and forfeited for
non-compliance with the terms of the contract, said action
being in accordance with the provisions thereof.   And be
it further resolved that the superintendent of school
buildings be and he hereby is authorized to proceed with
the completion of the work in accordance with the origi-
nal plans and specifications, and to advertise for proposals
therefor.   And be it further resolved that the cost and
expense of completing the above-mentioned contracts be
charged against the said contractor and the sureties on
said contract."

A new contract was entered into by the board of educa-
tion with another contractor for the completion of said
contract and it was completed at an expense of $1,870.00.
Prior to Hillman going into bankruptcy liens were filed
by the plaintiff, the defendants Kieley and another and
by the appellants.   This action is brought to foreclose the
plaintiff's lien.

The facts above stated are among other things found
by the court or stipulated by the parties and the respond-
ents concede that said sum of $2,125 is applicable to the
payment of the liens filed as stated in the pleadings and
as also conceded at the trial.   The court also found as a
conclusion of law " that the defendant Hillman having
abandoned his work, and the defendants, the city of New

York and the board of education of the city of New York, under the provisions of said contract, having declared a forfeiture of said contract by reason of the failure of the contractor to perform, there was no amount due from the defendant, the city of New York and the board of educa-. tion of the city of New York, under said contract, except the said sum of $2,125, and the liens of the defendants, other than the defendants, Timothy J. Kieley and Frederick T. Mueller and the plaintiff are not valid as against the city."

The judgment entered upon said findings directs that the plaintiff's lien and certain costs be paid from said. $2,125 and that the balance of said amount be paid to the defendants Kieley and another on account of their lien. The appellants, subsequent lienors, appealed from said judgment to the Appellate Division, where said judgment was unanimously affirmed.

The Lien Law (Chapter 38, Laws of 1909, section 5, formerly chap. 418, Laws of 1897, section 5, as amended by chap. 37, Laws of 1902, Cons. Laws, ch. 33, section 5), provides that a person furnishing materials "to a contractor, his sub-contractor or legal representative, for the construction of a public improvement pursuant to a contract by such contractor with the state, or a municipal corporation, shall have a lien * * * upon the moneys of the state or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract, upon filing a notice of lien as prescribed in this article."

It is also provided by the Lien Law, section 60 (formerly section 3418 of the Code of Civil Procedure), that in an action to enforce a lien on account of a public improvement if the court finds that the lien is established it shall render judgment directing the state or the municipal corporation to pay over to the lienors entitled thereto for work done or materials furnished for such public improvement — "to the extent of the sums found due the lienors

from the contractors, so much of the funds or money which may be due from the state or municipal corporation to the contractor, as will satisfy such liens, with interest and costs, not exceeding the amount due to the contractor."

To entitle the appellants to recover on their liens against the city it was incumbent upon them to show either that Hillman performed his contract, and that by reason of such performance some amount became due and owing thereon, or that by reason of some special provision of the contract there was when the lien was filed something due Hillman thereon or that something became due him upon it thereafter applicable to the payment of such liens.

Where a contractor fails to perform a building contract as provided therein and abandons the same, the owner may insist upon his strict legal right and put an end to the contract. This is true notwithstanding the contract provides that in case the contractor fails in any respect in the performance of the agreements contained therein that the owner shall be at liberty to complete the same and deduct the cost thereof from any amount then due or thereafter to become due to the contractor under the contract. (*Fraenkel* v. *Friedmann*, 199 N. Y. 351.) Such authority in a contract to terminate the employment of the contractor is permissible to the owner. It is for the benefit of the owner and not for the benefit of the contractor. If the owner completes the contract under such a provision therein, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid on the contract when the lien was filed. (*Fraenkel* v. *Friedmann, supra.*) The appellants cite a large number of authorities in their effort to show that the city of New York should pay the difference between the amount of Hillman's contract and the amount paid by the city to Hillman on account of said contract, together with the item of $2,125 and the amount paid

to the subsequent contractor for the completion of the contract.

All of the authorities referred to by the appellants tending in any way to sustain their position are based upon contracts and upon facts that are entirely different from the contract and the facts in this case. The contract with Hillman not only expressly provides, as we have shown, that the amount thereof shall not be paid until the full completion of the same according to the terms of the contract, but it provided generally as to the rights of the parties in case of a failure to perform the contract as provided therein. Such provision of the contract is known as paragraph "Q" and is as follows:

"That in case the contractor shall at any time refuse or neglect to supply a sufficiency of workmen and materials of the proper skill and quality, or shall fail in any respect to prosecute the work required by this contract with promptness and diligence, or shall omit to fulfill any provision herein contained the Board of Education, after three days' notice, in writing by order of the Committee on Buildings or a majority thereof to the contractor, served personally, or by leaving the same at their respective places of residence or business, shall have the right and power to procure and employ, in the manner prescribed by law, by contract or otherwise, other persons to perform and finish the work and materials required by this contract, so as to fully execute the same in every respect, and the cost and expense thereof at the reasonable market rates shall be a charge against the contractor, who shall pay to the party of the first part the excess thereof, if any, over and above the unpaid balance of the amount to be paid under this contract; and the contractor shall have no claim or demand to such unpaid balance or by reason of the non-payment thereof to them and no molds, models, centers, scaffolding, planks, horses, derricks, tackle, implements, power plants or building material of any kind belonging to or used by the contractor

shall be removed so long as the same may be wanted for the work. That in case the contractor shall at any time, in the opinion of the Superintendent, neglect to faithfully carry on and perform any portion of the work required by this contract, whereby safety and proper construction may be endangered or which may not be substantially rectified, or whereby damage and injury may result to life and property or either; then, and in every such case, the Superintendent shall have the right forthwith and without notice to the contractor to enter into and upon the work, and to make good any and all imperfect work and material and deficiencies arising by reason of such neglect; the expense and cost thereof shall be a charge against the contractor to be deducted from any payment or moneys which may be due or subsequently become due under this contract; and the opinion and decision of the Superintendent of School Buildings in all instances which may arise in the manner aforesaid shall be final, conclusive and binding upon the contractor.   *   *   * "

The paragraph of the contract quoted provides for different failures on the part of the contractor to perform the contract as provided therein. The latter part of the paragraph provides for a failure to perform the work required by the contract by reason of neglect faithfully to carry on and perform the same or a portion thereof whereby safety and proper construction may be endangered or which may not be substantially rectified or whereby damage and injury may result to life and property or either; and in such case it is expressly provided that the superintendent of buildings acting in behalf of the board of education and the city of New York shall have the right forthwith to enter upon the work and to make good any and all imperfect work and material and the deficiencies arising by reason of such neglect. In such case the expense thereof is to be deducted from any payment which may be due or which shall subsequently become due under the contract, and in that case the lienors

would have a lien on any amount unpaid on the contract notwithstanding the general provisions of the contract by which it is provided that the final payment shall not become due until the work is done and materials furnished in full compliance with the contract. The first part of the paragraph covers a number of things, including the total abandonment of the contract, and in that case the owner is given the power by express terms of the contract that he would have had as a matter of law, entirely independent of the terms of the contract, to cancel the same and stand upon his legal rights; but it is therein further provided, also for the benefit of the owner, that he can proceed to finish the work and furnish the material required by the contract so as to fully execute the same in every respect, and "The cost and expense thereof at the reasonable market rates shall be a charge against the contractor, who shall pay to the party of the first part the excess thereof, if any, over and above the unpaid balance of the amount to be paid under this contract; and the *contractor shall have no claim or demand to such unpaid balance, or by reason of the non-payment thereof to them.*" By this provision of the contract in case it was legally declared forfeited the contractor has no rights of any kind whatever under the contract. The contract provides also in the interest of the owner, not alone that it has the right to forfeit the contract, but that it can proceed to the completion of the work and the furnishing of materials, and if such expense exceeds the amount unpaid on the contract it can charge the same to the contractor.

The provisions of the resolution forfeiting the contract relating to charging the expense thereof to the contractor, have reference to the provisions of said paragraph allowing the excess of cost to be charged to the contractor and was necessary for the purpose of determining whether under such paragraph there would be an excess of costs and expense. The appellants failed to show that at the

time of filing their liens respectively or at any time thereafter there was anything due under the contract applicable to the payment of their liens.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and COLLIN, JJ., concur.

Judgment affirmed.