AMERICAN RADIATOR COMPANY, Appellant, *v.* CITY OF NEW YORK and the BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondents, Impleaded with E. F. KEATING COMPANY and Others, Appellants, and HENRY W. SYKES and Others, as Trustees in Bankruptcy of BLAKE & WILLIAMS, and Others, Defendants.

First Department, February 9, 1917.

Lien — mechanic's lien on municipal improvement — default of original contractor — liens of subcontractors measured by rights of original contractor — when suit to foreclose lien premature — cost to city of completing work yet undetermined.

Where a contract for a municipal improvement in the city of New York provided that on the default of the contractor the cost of completing the improvement by the municipal authorities should be a charge against the contractor who should pay to the city the excess, if any, over and above the unpaid balance of the contract price, and that the contractor should have no claim to any unpaid balance and should forfeit all claim to any moneys retained by the city, a materialman who has filed a mechanic's lien stands in the same position as the original contractor with regard to all moneys due or to become due under the contract.

Hence, although the municipal authorities declared the contract forfeited at a time when a part payment to the contractor had been certified to be due, but, pursuant to the terms of the contract, the sum was withheld by the comptroller of the city, said lienor is not entitled to receive said sum until it shall be actually determined that the cost to the city of completing the contract will entitle the original contractor to said sum or some part thereof.

And this is true although the city has let a new contract for the completion of the work at a sum which may leave a balance due to the original contractor, for the new contractor may abandon his contract and the city sustain a further loss in completing the work.

Hence, a suit by the lienor to foreclose is premature until the city's right to recoupment against the original contractor is finally determined.

Pending the completion of the work the liens should be kept alive so that should the original contractor be entitled to recover, the lienors will be protected *pro tanto.* ·

APPEAL by the plaintiff, American Radiator Company, and by the defendants, E. F. Keating Company and others, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of New York on

or about the 21st day of July, 1916, dismissing the complaint, upon the decision of the court after a trial at the New York Special Term.

*Frank M. Avery* and *M. M. Leichter,* for the appellants.

*Terence Farley,* for the respondents.

Judgment affirmed, with costs, on opinion of SHEARN, J., at Special Term.

Present — SCOTT, LAUGHLIN, DOWLING, SMITH and DAVIS, JJ.

The following is the opinion delivered at Special Term:

SHEARN, J.:

This is an action to foreclose a mechanic's lien on a public improvement arising by reason of materials furnished and services performed for the contractor, Blake & Williams, under a contract with the city of New York, for installing a heating and ventilating apparatus in new public school 91, Queens. The said contract was declared abandoned by the board of education by resolution adopted at a meeting held on November 24, 1915. The contract price to complete the work under said contract was $39,972. There has been certified for payment the sum of $31,251.60. There has been actually paid the sum of $28,889.10. There is now held by the comptroller the sum of $2,362.50, which sum was certified for payment on the 15th day of October, 1915. By a resolution adopted January 12, 1916, the board of education awarded to E. Rutzler Company a contract, No. 44,165, to complete and finish the work originally to be done by Blake & Williams under contract No. 40,831, and this contract complete is to cost the city of New York the sum of $9,175 if the work to be done thereunder is completed by E. Rutzler Company. The questions to be decided by the court in this proceeding are whether the lienors should be paid out of the sum of $2,362.50 held by the comptroller, or whether they should be restricted to the sum which is the difference between the amount unexpended ($11,082.90) and the sum it will cost to complete, which at present is estimated at the the sum of $9,175, which difference equals the sum of $1,907.90, or further, whether all sums remaining in the hands of the city,

First Department, February, 1917.          [Vol. 177.

regardless of whether certified for payment to the contractor prior to the day of default or not, be declared forfeited under the contract. The lienors stand in the same position as the original contractor with regard to all moneys due or to become due under the contract. Where the facts show that if the original contractor were suing he would be entitled to nothing, there is nothing to which a lien can attach. The subcontractors' liens depend for their validity upon the owner's indebtedness to the contractor. The board of education properly declared the contract abandoned and forfeited, and contracted, as in the contract provided, for the completion of the work. In such case the original contract expressly stipulated that the cost of completion "shall be a charge against the contractor, who shall pay to the party of the first part the excess thereof, if any, over and above the unpaid balance of the amount to be paid under this contract; and the contractor shall have no claim or demand to such unpaid balance, or by reason of the non-payment thereof to him and shall forfeit all claim to any moneys retained." It does not suffice to find that when the liens were filed an amount was due the contractor and certified for payment. The question depends upon whether the contractor could have recovered the amount certified upon the state of facts disclosed in this record, if he had sued the city, taking into consideration all of the conditions in his contract. Doubtless if it appeared in such suit that the contract had been completed within the contract price, and no damage to the city were shown, no forfeiture of the amount actually earned would be declared. But if the city had been compelled to complete, after having lawfully declared a forfeiture of the contract and at an excess over the contract price, it would of course have been entitled to recoup the damages suffered by the contractor's default. (*Seibert* v. *Dunn*, 216 N. Y. 237.) Any other result would victimize the city and put a premium upon the abandonment of contracts in the face of a rising market. As stated by POUND, J., in *Upson* v. *United Engineering & Contracting Co.* (72 Misc. Rep. 541, 554): "Under the New York system of mechanic's liens, a proper regard for the protection of the laborer and the materialman has never gone so far as to estab-

lish the rule that they may recover more from the owner than is due or becomes due from him to the contractor under the contract. They assert the claims of the contractor against the property, not their own claims. They are allowed, by a species of equitable subrogation, to claim indirectly what the contractor would otherwise be entitled to claim under his contract, directly — nothing more." The lienors rely upon *Foshay* v. *Robinson* (137 N. Y. 134). There is no similarity between that case and the one at bar. In the *Foshay* case the owner finished under the contract. Furthermore, there is no contract provision, as here, providing that in the case of a forfeiture upon abandonment the contractor would have no claim to any amount unpaid. The lienors also cite *Herrmann & Grace* v. *Hillman* (203 N. Y. 435), but in that case it was conceded that the amount certified at the time of the abandonment was applicable to the payment of the liens, and the point at issue was whether the lienors had any claim upon the difference between the cost of completion and the contract price, and it was held that they did not. Furthermore, Judge CHASE said in that case: "If the owner completes the contract under such a provision therein, the lien attaches to the extent of the difference between the cost of completion and the amount unpaid on the contract when the lien was filed" (citing *Fraenkel* v. *Friedmann*, 199 N. Y. 351). At first blush it might seem reasonable to hold that as the city has contracted to complete the building at a price which will leave the sum of $1,907.90, representing the difference between the cost of completion and the amount unpaid on the contract when the liens were filed, this action might succeed with respect to the liens covered by that sum. But the new contractor may abandon his contract and the city may still sustain a substantial loss in completing the work. It certainly should be protected against any such outcome, due to no fault whatever on its part, so far as may be done, by holding the unpaid balance that was certified until it can be fairly determined whether the city is not entitled to recoup its losses out of this sum. In other words, the city's right to recoupment against the contractor, well recognized by law and definitely provided for in this contract, is superior to that of the lienors claiming under this very contract. No determination can

properly be made at the present time as to the amount which it will cost the city to complete the work for which the contract was originally awarded. Therefore, the action was prematurely brought. Pending the completion of the work the " liens " should be kept alive, and then if it appears that there was any unpaid balance which, but for the claims of the lienors, the original contractor would be entitled to recover, the lienors will be protected *pro tanto*. The complaint is dismissed, without costs and without prejudice to the institution of a subsequent action. The findings have been passed upon and the judgment will be signed on presentation.