SEXAUER & LEMKE, Respondent, v. LUKE A. BURKE & SONS COMPANY et al., Defendants, and GLOBE INDEMNITY COMPANY, Appellant.

Mechanic's lien — New York (city of) — free library — no lien can be had against such building or the money in hands of the building committee for labor and materials furnished the contractor — such building is a public building on land of city and there are no corporate moneys in hands of the committee.

Under the authority of chapter 580 of the Laws of 1901, a contract was made between the city of New York and a committee designated by a proposed donor and acting as his agents, by which the city agreed to acquire and provide the sites for free public libraries. The committee agreed to erect and equip the buildings through funds to be contributed by the donor and without cost to the city. Acting as agents of the donor that committee then made another contract with a building company, as general contractor, for the erection and equipment of a library at Eastern Parkway, Brooklyn. The plaintiff, having furnished labor and materials to the builder, claims the benefit of a lien upon the balance due to the builder in the hands of the committee. *Held*, that there is no lien on the building by force of consent to the improvement, for the improvement is a public one on the land of a municipal corporation. (Lien Law, § 2; Cons. Laws, ch. 33.) There is none on the corporate moneys, for no corporate moneys are applicable to the contract. There is none on the moneys due from the committee to the builder, from one contractor to another, for none is given by the statute. The failure of a mechanic's lien involves the failure of the security which was to be a substitute for the lien if valid.

*Sexauer & Lemke* v. *Burke & Sons Co.*, 182 App. Div. 924, reversed.

(Argued March 1, 1920; decided April 13, 1920.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered April 9, 1918, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

. The nature of the action and the facts, so far as material, are stated in the opinion.

*Daniel Combs* for appellant. The trial court erred in finding that a valid lien was established under section 5 of the Lien Law. (Cons. Laws, ch. 33.) As the city of New York is the valid owner of the real estate no valid lien could be acquired under section 3 of the Lien Law. (*Leonard* v. *Reynolds*, 71 N. Y. 498; *Poillon* v. *Mayer*, 47 N. Y. 666.) As no valid lien can be established, there can be no recovery on the bonds given by the appellant. (*Casey* v. *Connors Bros. Construction Co.*, 53 Misc. Rep. 101; *Upton* v. *United Engineering & Construction Co.*, 72 Misc. Rep. 541; *Fitzpatrick* v. *Devlin,* 81 Misc. Rep. 556; *McKeefrey* v. *Cudley*, 83 Misc. Rep. 481; *Berger Mfg. Co.* v. *City of N. Y.*, 206 N. Y. 24; *Milliken Bros., Inc.,* v. *City of N. Y.*, 201 N. Y. 65.)

*Joab H. Banton* for respondent. The facts in this case would sustain a decree establishing a lien in favor of plaintiff either as one against a contract for a public improvement, or as one against private property. (*Schaghticoke Powder Co.* v. *G. & J. Ry. Co.*, 183 N. Y. 306.)

CARDOZO, J. The plaintiff furnished labor and materials which have gone into the construction of one of the public libraries of the city of New York. The statute does not permit the enforcement of a mechanic's lien against the land and buildings of a municipal corporation (Lien Law, secs. 2, 5; Consol. Laws, chap. 33; *Leonard* v. *Raynolds*, 71 N. Y. 498). It does permit the enforcement of such a lien against moneys of the municipal corporation applicable to the construction of the

improvement (Lien Law, sec. 5).   The question is whether there are any such moneys to which a lien can attach.

In or about 1901, Andrew Carnegie announced his willingness to construct free public libraries for the city of New York, if the city would provide the sites.   By L. 1901, ch. 580, the legislature empowered the city to enter into contracts to that end either with Mr. Carnegie himself or with any person or persons designated by him. Under the authority of that statute, a contract was made between the city of New York and a committee designated by Mr. Carnegie and acting as his agents. The city agreed to acquire and provide the sites.   The committee agreed to erect and equip the buildings through funds to be contributed by Mr. Carnegie and without cost to the city.   The same committee, still acting · as agents of Mr. Carnegie, then made another contract with a building company, as general contractor, for the erection and equipment of a library at Eastern Parkway, Brooklyn.   The plaintiff, having furnished labor and materials to the builder, claims the benefit of a lien upon the balance due to the builder in the hands of the committee.   The lien has been sustained upon the theory that in substance, if not in form, moneys owing by the committee are owing by the city.

We reach a different conclusion.   The statute says that " a person performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction of a public improvement pursuant to a contract by such contractor with the state or a municipal corporation, shall have a lien * * * upon the moneys of the state or of such corporation applicable to the construction of such improvement, to the extent of the amount due or to become due on such contract " (Lien Law, sec. 5).   Notice of the lien must be filed " with the head of the department or bureau having charge of such construction and with the comptroller of the state or with the financial officer of the municipal

corporation, or other officer or person charged with the custody and disbursements of the state or corporate funds applicable to the contract under which the claim is made" (sec. 12). No moneys of the state or of a municipal corporation are applicable to the construction of this improvement. No officer or other person is charged with the custody and disbursement of any state or corporate funds applicable thereto. The city of New York did not agree to construct this building or to assume any liability incidental to construction. Mr. Carnegie did not agree to set apart a fund in trust for the benefit of the city, or, in distributing his payments, to become a trustee of public moneys. His contract was just the contrary. His contract was to build, not with public moneys, but with his own. They did not cease to be his own because the motive of his contract was not profit, but benevolence. In legal effect, the situation is the same as if he had been a contractor for hire, and had received payment in advance (Lien Law, sec. 7; *Carman* v. *McIncrow,* 13 N. Y. 70; *Herrmann & Grace* v. *Hillman,* 203 N. Y. 435). What the plaintiff seeks is not a lien upon moneys owing by an owner. What it seeks is a lien upon moneys owing by a third person with whom an owner has contracted. The legislature might create such a lien. It has not done so yet. It fastens no charge upon moneys, the price of an improvement, however clearly identified, when once they have passed into the hands of contractors or subcontractors. That is true whether the improvement be public or private. It charges the moneys at the source, while still owing by the owner, and stops the pursuit when his liability is ended. The plaintiff, therefore, is in the same plight as any other materialman who finds his lien cut off by payment or satisfaction between owner and contractor, with no opportunity under the law to follow the fund farther (*Carman* v. *McIncrow; Herrmann & Grace* v. *Hillman, supra*). All that section 5 of the statute does is to

place lienors in the shoes of the contractor, by subrogating them to the latter's right, if any, to enforce payment by the city (*Mayor, etc., of N. Y.* v. *Crawford*, 111 N. Y. 638, 642). Subrogation is impossible when there is nothing to which the claimant can be subrogated.

In these circumstances, the plaintiff's lien must fail for lack of any subject-matter to which it can attach. There is no lien on the building by force of consent to the improvement (*McNulty Bros.* v. *Offerman*, 221 N. Y. 98), for the improvement is a public one on the land of a municipal corporation (Lien Law, sec. 2). There is none on the corporate moneys, for no corporate moneys are applicable to the contract. There is none on the moneys due from the committee to the builder, from one contractor to another, for none is given by the statute. We are not unmindful of our duty to construe the statute liberally (Lien Law, sec. 23). Freedom to construe is not freedom to amend. We should be amending rather than construing if we held that a lien charged by statute upon one fund may be charged by judges upon another.

Some subsidiary points are made by the respondent, but they do not change the result. The building contract gave the committee the privilege of withholding payments from the builder until liens had been discharged. That privilege could not create a lien if none would otherwise exist. The builder gave a bond to discharge " the alleged lien," conditioned for the payment of any judgment in an action of foreclosure. The failure of the lien involves the failure of the security which was to be a substitute for the lien if valid (*Morton* v. *Tucker*, 145 N. Y. 244; *Milliken Bros., Inc.,* v. *City of N. Y.*, 201 N. Y. 65; *Berger Mfg. Co.* v. *City of N. Y.*, 206 N. Y. 24, 30, 33).

The judgment of the Appellate Division and that of the Special Term should be reversed, and the complaint dismissed, with costs in all courts.

Hiscock, Ch. J., Chase, Hogan, McLaughlin, Crane and Elkus, JJ., concur.

Judgments reversed, etc.