T. J. Fletcher Jackson and Gertrude H. M. Jackson, Landlords, Respondents, v. Edna Grey, Tenant, Appellant, and Alta Brennan et al., Under-tenants.

(Supreme Court, Appellate Term, First Department, November, 1920, Term — filed January, 1921.)

Summary proceedings — when will not lie against tenant on the ground of expiration of term — landlord and tenant — lease — Code Civ. Pro. § 2231 (1-a) added by Laws of 1920, chap. 942.

> Under section 2231 of the Code of Civil Procedure, as amended by chapter 942 of the Laws of 1920, by adding sub-division 1-a to the effect that no summary proceeding "shall be maintainable to recover the possession of real property * * * occupied for dwelling purposes," summary proceedings on the ground of the expiration of the term will not lie against the tenant of several floors of a private house which have been sublet and are used exclusively for dwelling purposes, and a final order in favor of the landlord will be reversed and final order directed in favor of the tenant.

Appeal by tenant from a final order of the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the landlords.

David G. Godwin, for appellant.

Randolph M. Newman (Leonard Klein, of counsel), for respondents.

Bijur, J.  This proceeding was brought to dispossess the tenant on the ground of expiration of her term.  The determinative consideration in the case is the application of chapter 942 of the Laws of 1920 (one of the housing acts), which amended section 2231 of the Code of Civil Procedure by adding subdivision 1a, to the effect that no summary proceeding "shall be

maintainable to recover the possession of real property * * * occupied for dwelling purposes,'' except in instances not relevant to the present case. It appears that the premises here involved are the second and third floors of a private house at No. 132 West Eighty-seventh street, which the tenant has sublet to a number of subtenants, and that the same are used exclusively for dwelling purposes. It seems to me to be perfectly clear that these premises fall within the description of the statute quoted, and that, therefore, summary proceedings will not lie. The respondent urges that as between the landlords and this particular tenant the tenant '' made a business '' of subletting furnished apartments. The statute does not, however, recognize the nice distinction thus sought to be superimposed upon it. In my opinion it was the intention of the legislature to forbid the bringing of summary proceedings in respect of premises occupied for dwelling purposes, and no distinction was made between lessees and any number of sublessees. The manifest purpose of the statute would be frustrated if the tenancy here in issue could be disturbed with the consequent disturbance of the occupation by the undertenants, while no useful purpose would be subserved by such a proceeding, except, possibly, to enable the landlords to succeed without compensation to '' the business '' of the tenant in subletting the apartments.

Judgment reversed, with thirty dollars costs and final order directed in favor of the tenant.

MULLAN, J., concurring in result.

Judgment reversed, with thirty dollars costs.