NATHAN MORGENROTH, as Executor of the Estate of JACOB MORGENROTH, Deceased, Landlord, *v.* HARRIS EMERT, Tenant.

(Municipal Court of the City of New York, Borough of Manhattan, Sixth District, December, 1921.)

Landlord and tenant — cities of the first class — " Housing Laws "— summary proceedings — when tenant may remain upon payment of reasonable rent — tenant cannot be dispossessed from apartment, a portion of which is used for business, unless the business becomes objectionable or premises are not used for dwelling purposes — Laws of 1920, chap. 942.

The recent " Housing Laws " created a new form of tenancy under which a tenant, without the permission of the landlord, is entitled to remain in possession of the premises occupied by him on October 1, 1920, upon payment of a reasonable rent,

and neither expressly nor by necessary implication does the statute (Laws of 1920, chap. 942) permit the court to regulate or fix the extent of the occupancy or possession to which the tenant on that date was entitled, or to sever a room used for business purposes under the original hiring from the remainder of the premises occupied for dwelling purposes.

A tenant, therefore, who for many years prior to October 1, 1920, occupied only a part of the leased premises for dwelling purposes, may not be dispossessed under chapter 942 of the Laws of 1920, unless the business conducted by him in the other part of the premises becomes objectionable or the case, by proof, is brought within one or more of the exceptions provided for in said statute.

PROCEEDING to dispossess tenant.

Cohen, Cole & Weiss (David Barr, of counsel), for landlord.

Irving G. Warshaw, for tenant.

MARKS, J. The tenant in this proceeding many years ago rented and has since occupied with his family the premises described in the petition as " the north store of the premises No. 1579 Madison avenue " as a monthly tenant.

He has always conducted and now conducts in the store the business of framing pictures and making window shades. There is an entrance with a door leading from the store to four rooms in the rear of it which are adapted and used for dwelling purposes by the tenant and his family. The store has an entrance from the street, and the four rooms also have a door leading into a hallway which is independent of the store, so that they may be entered without passing through the store.

The landlord claims that the inhibition of chapter 942 of the Laws of 1920, that no summary proceeding " shall be maintainable to recover possession of real property * * * occupied for dwelling purposes,"

except in certain contingencies, does not apply, as the premises are used for business and not occupied solely for dwelling purposes. This proceeding was brought to dispossess the tenant from the entire premises, as they are claimed to have been hired, to wit, " the north store of the premises No. 1579 Madison avenue," but the landlord has abandoned his claim that the tenant may be dispossessed from the entire premises, but claims that, as the four rooms may be separated from the store without inconveniencing the tenant in the possession or occupancy of those rooms for dwelling purposes, the tenant may be dispossessed from the store.

The reasons for the enactment of the group of " Housing Laws," of which chapter 942 is one, are now too well known to require a restatement of them. The provisions of the act, being emergency legislation, must be liberally construed to carry out the intent thereof, as provided by chapter 948 of the Laws of 1920, but it would result in chapter 942 receiving an illiberal construction if the claim of the landlord herein should be sustained. His counsel cites the case of *Sexauer* v. *Burke*, 228 N. Y. 341–345, holding that " freedom to construe is not freedom to amend." Yet he would read into the act the word solely or exclusively, claiming that as the premises are not solely or exclusively occupied for dwelling purposes and a separation of the rooms without injury to the rights of the tenant can be made by closing the door leading from the store into the dwelling rooms, the tenant may be dispossessed from the store used for business purposes. The permanent closing of this door, however, would result in the dwelling rooms being deprived of light and ventilation, which they receive when the door is open, but regardless of that fact my opinion is that the rooms cannot be separated.

The words " dwelling purposes " are not capable of

a fixed definition which will be always applicable regardless of the context in which they are used. *May v. Dermott,* 114 Misc. Rep. 106–108.

The legislative intent to protect tenants of premises " occupied for dwelling purposes " cannot be given its proper force and effect unless we include within the protection afforded by the act premises rented and occupied by the tenant for both dwelling and business purposes, and the words should be given a definition that will conform to the legislative intent.

Having in mind the conditions existing when the act became a law and that were intended to be prevented or remedied, the strict technical or exclusive meaning of those words should not obtain, in the absence of any words or purpose clearly denoting an intention that they should be strictly construed.

There is nothing in the act in express words or that may be implied therefrom or from the remedial protection intended to be given to tenants in possession on October 1, 1920, that justifies a construction so that there may be read into the act either of the words solely or exclusively or that would justify the court in removing a tenant from premises of which he was in possession on October 1, 1920, upon the theory that they are not solely occupied for dwelling purposes, when the facts show that the major portion or even part of them have been and are in good faith used for such purposes.

When the act took effect there were thousands of suites of apartments in this city rented with the privilege of carrying on some slight business or profession in one of the rooms, usually the front room, but such a tenant, because he occupies only part of the premises for dwelling purposes, cannot be dispossessed under chapter 942 unless the business becomes objectionable. Nor can he be dispossessed if, having rented

Municipal Court of New York, December, 1921. [Vol. 117.

a private dwelling or a suite of rooms in an apartment house for dwelling purposes, he sublet one or more of the rooms for profit while continuing to occupy the remaining rooms for dwelling purposes. *Jackson* v. *Grey,* 114 Misc. Rep. 92; *Howie* v. *McKenzie,* Id. 117; *May* v. *Dermott, supra.* Such a subletting is merely incidental to the occupancy by the tenant of the entire premises for dwelling purposes. *May* v. *Dermott, supra.*

The same rule or construction of a tenant's hiring and occupancy should prevail where the premises are a store with rooms in the rear of it hired and occupied by the tenant for both dwelling and business purposes. His use of the store for business is also merely incidental to the occupancy of the entire premises for dwelling purposes.

Hired, used and occupied as these premises have been, it cannot be presumed that the original hiring and the continued occupation were primarily for business, but to entitle the landord to dispossess the tenant under chapter 942 he must establish that the business has become objectionable or that the premises are not occupied for dwelling purposes.

The new rent laws created a new form of tenancy under which the tenant is permitted to continue in possession, without the permission of the landlord, of the premises occupied by him on October 1, 1920, upon paying a reasonable rental. *Hall Realty Co.* v. *Moos,* 115 Misc. Rep. 506. The right to the continued possession of the premises occupied by the tenant on that date and used by him for dwelling purposes is recognized by the statute, and there is nothing to indicate that the legislature intended to create a still further form of new tenancy by dividing the original hiring of the premises, as the occupancy existed when the statute became a law, and dispossessing the tenant from

that part used for business or profit and permitting him to retain only that part used exclusively for dwelling purposes.    There is nothing in the act either express or by implication that would permit the court to regulate or fix the extent of the occupancy or possession to which the tenant was entitled on October 1, 1920, or that permits the court to sever a room used for business purposes by consent under the original hiring from the remainder of the premises occupied for dwelling purposes.    The tenant is entitled to remain in possession of all the premises he rented when used partly for a dwelling or subject to be dispossessed from them entirely if facts are established bringing the case within one or more of the exceptions provided for in chapter 942.

If the premises are worth more rental than the tenant now pays, $60 per month, the landlord having demanded $110, the landlord has his remedy under the statute to apply to the court to fix the reasonable rental value.

The proceeding is dismissed on the merits.

Proceeding dismissed.