LESLIE BORDER, Respondent, *v.* FRANK G. COOK & SONS, INC., and Another, Appellants, Impleaded with CENTRAL HIGH SCHOOL DISTRICT NO. 1, TOWN OF AMHERST, COUNTY OF ERIE AND STATE OF NEW YORK, Defendant.

Fourth Department, March 21, 1934.

*Frank C. Moore* [*William C. Carroll* of counsel], for the appellants.

*Stuart J. Goldberg,* for the respondent.

LEWIS, J.   The action is to enforce a mechanic's lien filed by the plaintiff against money due the defendant contractor Frank G. Cook & Sons, Inc., for the installation of a heating and ventilating system in a high school in the town of Amherst, Erie county, N. Y. The lien has been discharged by filing an undertaking executed by the defendant surety company.   (Lien Law, § 21, subd. 5.)

The total sum of $730, claimed by plaintiff under the notice of lien, comprises two items — a balance of $230 for services rendered by plaintiff as a foreman steamfitter, and a bonus of $500 which it is claimed the defendant contractor agreed to pay plaintiff upon completion of the work. The learned justice at Equity Trial Term has disallowed the item of $230 for alleged services, from which ruling plaintiff has not appealed, and has granted a judgment which sustains plaintiff's lien to the extent of awarding him the item of $500, with interest, as a bonus or extra compensation for his work as foreman.

We reach a different conclusion, not by reason of any legal informality in the notice of lien, but because of plaintiff's failure upon the trial to sustain the lien in one essential particular.

The statute (Lien Law, § 12) required plaintiff, in the notice of lien, to give " a description of the public improvement upon which the labor was performed." Accordingly the notice of lien verified by plaintiff stated:

" 3. A description of the public improvement upon which the labor was performed and materials expended is as follows: A Junior and Senior High School building erected in Central High School District # 1, Town of Amherst, County of Erie and State of New York."

The record before us discloses that plaintiff's services as foreman steamfitter, for which he claims the defendant contractor agreed to pay him a bonus of $500, were not performed in connection with the Amherst High School installation alone, as stated in the notice of lien, but included a period of service of five weeks as foreman upon similar work in the Lindbergh High School at Kenmore, N. Y. From his own testimony it appears that while plaintiff was engaged on the work at Kenmore he talked on three occasions to his employer's president, the subject being extra compensation for his work as foreman. Plaintiff leans heavily upon the proof of these three conversations in his effort to establish his employer's agreement to pay him the bonus in question. Each of these conversations was had prior to starting the Amherst High School installation and concerned extra compensation for the work plaintiff was then doing as foreman on the work at Kenmore and which he proposed to do later at Amherst.

The judgment from which appeal is taken in effect sustains the contract, based largely upon these three conversations, for the payment of a bonus by the contractor. But the record of proof shows the services involved were rendered by plaintiff in connection with two separate contracts, not the single contract described in the notice of lien.

We know of no statute which allows us to apportion to the lien in suit that period of plaintiff's service which was rendered upon the Amherst High School work. We are without power to do now what plaintiff was required to do at the outset. Our duty to construe the statute liberally (Lien Law, § 23) does not permit us to amend it. "Freedom to construe is not freedom to amend." (*Sexauer & Lemke* v. *Burke & Sons Co.*, 228 N. Y. 341, 345.)

We, therefore, rule that plaintiff's proof failed to support the lien as filed and does not justify its enforcement. It follows that plaintiff's action against the defendant surety, upon the bond executed December 11, 1930, pursuant to subdivision 5 of section 21 of the Lien Law must also fail. "A valid lien on the primary fund must be established to require payment pursuant to the terms of the undertaking." (*Berger Mfg. Co.* v. *City of New York*, 206 N. Y. 24, 31; *Milliken Bros., Inc.*, v. *City of New York*, 201 id. 65.)

Plaintiff argues further that, in the event we find the proof insufficient to warrant enforcement of the lien, we should sustain the judgment against the defendant surety upon the provisions of a prior bond executed by it November 8, 1929. The conditions of that bond, which is of record before us, included the obligation that plaintiff's employer, Frank G. Cook & Sons, Inc., would faithfully perform its contract for installing a heating and ventilating system in the Amherst High School and would pay for all materials used and labor and services rendered in connection therewith. Plaintiff contends that proof of his employer's failure to pay the bonus of $500, which the trial court has awarded him, calls for payment thereof by the defendant surety company under the terms of its bond executed November 8, 1929. The argument disregards the provisions of that bond which limit its obligation to the payment of services rendered in connection with the Amherst High School installation. No recovery can be had upon the bond last mentioned for the payment of a bonus which the record shows involved services rendered by the plaintiff for a period of five weeks in connection with the Lindbergh High School contract at Kenmore. To sustain the judgment upon the basis which plaintiff suggests would extend the contract of suretyship beyond the limitations fixed by the parties to the undertaking.

The judgment against defendant-appellant surety company should be reversed on the law and the complaint dismissed, with costs to such appellant. The judgment against Frank G. Cook & Sons, Inc., should be modified on the law so as to change the basis of the recovery from the bond to the underlying contract of employment

as authorized by sections 54 and 64 of the Lien Law, and as modified affirmed, without costs.

All concur, except CROSBY, J., not voting.

Judgment as to surety company reversed on the law and facts and complaint dismissed, with costs; as to the defendant Frank G. Cook & Sons, Inc., modified on the law so as to change the basis of the recovery from the bond to the underlying contract of employment as authorized by sections 54 and 64 of the Lien Law, and as modified affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.