LOUIS L. FARRELL, Respondent and Appellant, *v.* WIL-
LIAM J. FARRELL, Individually and as Executor and
Trustee under the Will of LEOCADIE FARRELL,
Deceased, Appellant and Respondent, and FRANCISCO
L. FARRELL et al., Respondents and Appellants.

**Appeal — the reversal of material findings of trial court by
Appellate Division requires that judgment should be reversed
and new trial granted.**

The reversal by the Appellate Division of findings of fact made at
Special Term in an equity case, and the making of new findings on
a question material to the litigation, contrary to those made upon
the trial, requires that the judgment should be reversed and a new
trial granted, and it is error in such case to affirm the judgment.

*Farrell* v. *Farrell*, 142 App. Div. 605, reversed.

(Argued May 2, 1912; decided May 24, 1912.)

CROSS-APPEALS from a judgment of the Appellate Divi-
sion of the Supreme Court in the first judicial depart-
ment, entered May 12, 1911, modifying the findings
of the court made after trial at Special Term, but
affirming a judgment based thereon in favor of plaintiff
and defendants Francisco L. Farrell and Adelaide L. L.
Farrell.

The nature of the action and the facts, so far as mate-
rial, are stated in the opinion.

*George W. Wingate* for defendant, appellant and
respondent.

*Adrian T. Kiernan* for plaintiff, respondent and
appellant.

*Edward J. McGuire* for defendants, respondents and
appellants.

WILLARD BARTLETT, J. This is a suit in equity for an
accounting in respect to the dealings of Mrs. Leocadie

Llado Farrell, deceased, and William J. Farrell, executor and trustee under her will, in reference to certain real estate in Spain of which Francisco Llado, Mrs. Farrell's first husband, died seized in 1884. This property was devised to his children but at the time of his death a part of it was mortgaged to a Spanish creditor who instituted legal proceedings under which the debt was established as a lien against the whole and the whole was sold. The widow bought it in and resold it at a profit, paying the creditor out of the proceeds. The gist of the present action is the charge that the sale was collusive. The learned judge who tried the case at Special Term refused so to find, but did hold that the widow as guardian of her children was bound to account to her wards for the profits which she derived from the resale. He rejected the claim in her behalf that Mr. Llado was insolvent at the time of his death and that these profits were necessarily expended in the payment of his debts or were properly applicable to the repayment of advances made by her to her husband's estate. Judgment was accordingly directed in favor of the children for the amount of the profits on the resale against William J. Farrell, as the widow's executor.

Both parties to the controversy were dissatisfied with this result and appealed to the Appellate Division. That court held that Mr. Llado was in fact insolvent when he died but that the widow was not entitled to retain the profits on the resale on account of other debts of the estate or her own advances, inasmuch as she had never manifested an intent to do so during her lifetime. It, therefore, affirmed the judgment, except as to costs, which it awarded to William J. Farrell, as executor, instead of to Mr. Llado's children.

The judgment of the Appellate Division is peculiar in form and substance. It adjudges, *first*, that the trial court was in error in refusing to find, as requested by Mr. Farrell, that Mr. Llado had assigned to his wife two

policies of insurance for $10,000 upon his life and that after his death she had loaned the proceeds thereof to his estate; and *secondly*, that the trial court erred in finding that the money derived from these policies was an asset of his estate and in finding that he was not insolvent at the time of his death. Notwithstanding that these adjudications constituted *pro tanto* a reversal of the Special Term judgment, they are followed by a formal affirmance thereof instead of a direction for a new trial. The Appellate Division was without power to dispose of the case in this way. Its judgment contains new findings contrary to those made upon the trial and upon a question most material to the litigation. If Mr. Llado died insolvent and his widow loaned her own money to his firm to maintain it as a going concern for the benefit of her children no less than hersef, it may well be a serious question whether she did anything thereafter which would preclude her representatives from asking reimbursement from his estate for her advances. At all events this is a question which should be determined in the first instance by the court at Special Term. "The power conferred upon the Appellate Division to modify a judgment, upon appeal, is improperly exercised, when, upon different views of, or inferences from, the facts in evidence, it determines the controverted questions for itself, incorporates such determination in its order and renders final judgment accordingly." (*Putnam* v. *Lincoln Safe Deposit Co.*, 191 N. Y. 166, 176.) The reversal of the findings of fact in regard to the ownership of the life insurance policies and Mr. Llado's solvency required a new trial and did not permit the substitution of findings to the contrary of those actually made at Special Term, as has been attempted by the Appellate Division. (*Dennison Construction Co.* v. *Manneschmidt*, 204 N. Y. 404.) It is to be regretted that this long litigation, involving a somewhat acrimonious family controversy and burdened with a voluminous record, comes to us in such a shape that it cannot now

finally be terminated; but this is the result of a departure from established methods of procedure which cannot be disregarded without bringing intolerable confusion into the practice of the appellate courts.

For the reasons which have been stated the judgment of the Appellate Division must be reversed and a new trial ordered, with costs to abide the final award of costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Judgment reversed, etc.