CHAPPELL & CO., Inc., et al. v.
SANTANGELO.

No. 146.

District Court, D. Connecticut.

Nov. 16, 1939.

Charles N. Segal, of Hartford, Conn.,
for plaintiffs.

Shapiro, Goldstein & Brody, of Bridge-
port, Conn., for defendant.

HINCKS, District Judge.

1. The motion to separate is grant-
ed to this extent, viz: the plaintiff should
amend each count to include by reference
paragraphs 1 to 4 inclusive and paragraphs
94 to 100 inclusive; also a separate state-
ment of the damages claimed on each
count. This ruling is required in order
that each count shall be self-sufficient in
itself. I see no objection, however, to the
blanket character of the prayer for equit-
able relief.

2. The motion for separate trials
is denied. To be sure, under Rule 20(b),
Federal Rules of Civil Procedure, 28 U.S.
C.A. following section 723c, separate trials
may be ordered "to prevent delay or prej-
udice." But I see no danger of "prej-
udice" from one inclusive trial. And de-
lays would be fostered, rather than pre-
vented, by separate trials. Indeed, a mul-
tiplicity of separate trials would frustrate
the liberal provisions of Rule 20(a) as to
permissive joinders. The rule recognizes
the economy of a procedure whereunder
several demands arising from the same oc-
currence may be tried together, thus avoid-
ing the reiteration of the evidence relating
to facts common to the several demands.

Ordered accordingly.