FOURTH DEPARTMENT, JANUARY, 1954.

(January 6, 1954.)

■

ADAM M. KEMPA, Respondent, *v.* ARTHUR G. MOELL et al., Appellants.

*Per Curiam.* In this action to foreclose a mechanic's lien the Referee found that " the trial, to put it mildly, was very confusing ". We also have found a very unsatisfactory and confused record. We may assume that the notice of lien was before the Referee but it was not made a part of the complaint, nor was it an exhibit. Apparently, the appellants' point that the notice of lien did not comply with section 9 of the Lien Law was not raised at the time of the trial. If it was found that the lien was not willfully exaggerated, we agree with the Referee. The notice of lien was inartistically drawn. The Referee found that the plaintiff lienor breached his contract. He also found that the defendants terminated the contract itself, and did not merely terminate the plaintiff's employment. However, it was held that the plaintiff was entitled to a lien. It was evidently found that although the plaintiff breached his contract, the defendants elected to refrain from abrogating the whole contract and proceeded, under the contract, to complete as agents of the plaintiff. They had the right to pursue either course. (*Fraenkel* v. *Friedmann,* 199 N. Y. 351; *Dennison Constr. Co.* v. *Manneschmidt,* 204 N. Y. 404.) The finding that they terminated the contract *in toto* for nonperformance is inconsistent with plaintiff's right to a lien. Assuming, however, that the building was completed by the owners, as agents of the contractor, plaintiff would be entitled to a lien for work and materials actually furnished to the time of his discharge, provided there was anything remaining out of the contract price after deducting therefrom the actual cost of completing the building according to the plans and specifications and after deducting what the owners had already paid the contractor. We are unable to find proof in the record to substantiate the figures found by the Referee. We find no basis for an allowance of 10% profit to the plaintiff. We are unable to make new findings as to what, if anything, the plaintiff may recover, because of the inconsistent amounts which appear in the testimony and the generally confused state of the whole record.

For the reasons stated, we think that in the interests of justice to both sides, there should be a new trial, at which time evidence should be given showing the actual cost of completion according to the plans and specifications, without extras or changes.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Piper and Wheeler, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.