159 So.2d 915 (1964)
ARCADE STEAM LAUNDRY, a Florida corporation, Appellant,
v.
H. Stanley BASS and W.L. Segreat, d/b/a Mid-Florida Boiler Company, Appellees.
No. 4036.
District Court of Appeal of Florida. Second District.
January 24, 1964.
*916 James O. Driscoll of Berson, Barnes & Inman, Orlando, for appellant.
George P. Johnson of Arnold & Matheny, Orlando, and Edward K. Goethe, Orlando, for appellees.
HEWITT, ROBERT S., Associate Judge.
This is an appeal from a final judgment following an order dismissing an amended complaint as re-amended. Appellant, Arcade Steam Laundry, a Florida corporation, plaintiff in the lower court, filed an action against the Appellees, H. Stanley Bass and W.L. Segreat, doing business as Mid-Florida Boiler Company.
Appellees sold to Appellant a hot water storage tank for use in Appellant's laundry. Appellees represented themselves to Appellant as being skilled in the sale and installation of hot water storage tanks of the type used in the laundry. Relying upon this representation, Appellant purchased the tank. It was impliedly warranted that the tank was fit for the particular purpose of storing hot water to be used in connection with Appellant's business. After a short time the tank proved unfit for the particular purpose and use for which it was intended. The hot water from the tank was rusty and black and unsuitable for the washing of clothing and other fabrics. In the same count there are allegations in which Appellant sought to state a cause of action for the negligent repair of the tank. Among other elements of damage claimed Appellant seeks damages for the loss of business profits.
Appellant urges that the complaint states a cause of action upon which relief may be granted against Appellees. One of the basic purposes of a motion to dismiss is to test the sufficiency of the complaint to state a claim upon which relief can be granted. Rule 1.11(b), F.R.C.P., 30 F.S.A. For the purpose of testing the sufficiency of the complaint, all well and sufficiently pleaded essential allegations must be taken as true. C.G.J. Corp. v. Hurwitz, Fla.App. 1960, 123 So.2d 44; Kooman, Florida Chancery Pleading and Practice, § 93; 25 Fla.Jur., Pleadings, § 127, p. 283. The basis of liability upon breach of an implied warranty of fitness for the use and purposes intended is the undertaking or agreement, attributed by law, to be responsible in the event the thing sold is not in fact fit for the use and purposes intended. Where the buyer purchases goods for a particular purpose, a warranty is sometimes implied that the goods shall be fit for the purpose intended. See Smith v. Burdine's, Inc., 144 Fla. 500, 198 So. 223, 131 A.L.R. 115 (1940); Berger v. E. Berger & Co., 76 Fla. 503, 80 So. 296; Williston on Sales, Rev. Ed., Vol. 1, para. 235. The complaint sufficiently alleges a cause of action arising out of the breach of an implied warranty of fitness for the use and purposes intended.
Appellant next suggests that the complaint should not have been dismissed by reason of insufficiency of the allegations of damage. We agree. A motion to dismiss is not a proper method of attacking a complaint that is insufficient only in that it alleges improper elements of damage or insufficiently alleges proper elements of damage. If the complaint states a claim upon which at least nominal damages may be awarded, a motion to dismiss should not be granted. Augustine v. Southern Bell Tel. & Tel. Co., Fla. 1956, 91 So.2d 320. The rule is also well settled that if there is a yardstick or measure of damages by which prospective profits may be determined *917 which arise out of a contract in which profit is an inducement to its making, they may be allowed if proved whether they arise from farming, mechanical or other contracts. Restatement of Law of Contracts, § 331. See also Berger v. E. Berger & Co., 76 Fla. 503, 80 So. 296; Twyman v. Roell, 123 Fla. 2, 166 So. 215. A claim for special damages is sufficient if it notifies the defendant of the nature of the special damages claimed. Augustine v. Southern Bell Tel. & Tel. Co., supra. We conclude that the allegations are sufficient to support an award of damages. We do not pass upon the propriety of all elements of damage alleged.
It is understandable that the trial court had difficulty with the complaint. It consists of one count containing allegations charging the breach of an implied warranty and the breach of a duty to use reasonable care. Rule 1.8(f), F.R.C.P., provides for each claim founded upon a separate action or occurrence to be stated in a separate count. Under Rule 1.8(g), F.R.C.P., a pleader may set up in the same action as many claims or causes of action in the same right as he may have. One may plead two or more statements of a claim alternatively in one count or in separate counts. The complaint fails to comply with these rules. Inasmuch as the complaint does state a cause of action upon which relief may be granted against Appellees, the complaint should not have been dismissed.
The Appellees' remedy we think is found in a motion to compel separate statements of claim. Rule 1.8(f), F.R.C.P., providing for a claim founded upon a separate transaction or occurrence to be stated in a separate count whenever a separation facilitates the clear presentation of the matters set forth, is substantially the same as Rule 10(b), Fed.R.Civ.P. One method of forcing compliance with the standards of Rule 1.8(f), F.R.C.P., is a motion to compel separate statements of claim. See 2 Moore, Federal Practice, § 10.04, p. 2011; Chappell & Co., Inc. v. Santangelo, 30 F. Supp. 599 (D.Conn. 1939); Kuhn v. Pacific Mutual Life Ins. Co. of California, 37 F. Supp. 100 (S.D.N.Y. 1940); Dublin Distributors, Inc. v. Edward and John Burk, Ltd., 109 F. Supp. 125 (S.D.N.Y. 1952), 18 Fed.Rules Serv. 10b.21, Case 1.
The judgment appealed from is reversed and the cause is remanded for further proceedings.
ALLEN, Acting C.J., and SHANNON, J., concur.