HORTON, Judge.
A prior appeal to this court involving the same parties and subject matter is reported at Fla.App., 143 So.2d 550.
This was an action at law brought by lessees to recover a security deposit after eviction for non-payment of rent. The trial court entered a final judgment adverse to the appellants which dismissed their amended complaint with prejudice. One of the pertinent provisions of the lease in question permitted the lessors, upon the default of the lessees, to apply the security deposit or any part thereof in payment of sums then due and owing by the lessees for costs, expenses or damage incurred because of the lessees’ breach of the covenants and conditions of the lease. It was expressly agreed that the security deposit was not an advance payment of rent or a measure of lessors’ damages.
The appellant's contend that under the terms of the lease agreement the security was not to be forfeited in the event of the appellants’ breach of the lease. We fail to find any merit in the appellants’ contention for the simple reason that the lease contained a provision for the return of the security deposit as follows:
“The lessees shall not be entitled to receive the return of the final security deposit until possession of the premises and all the furniture, furnishings and fixtures shall have been promptly delivered to the lessors upon expiration of the term of the lease. * * * At the expiration of the term of this lease * * * the lessors shall then return to the lessees the balance of the security funds held by the lessors under the terms of this lease agreement * * [Emphasis supplied]
In the appellants’ amended complaint they alleged that they failed to promptly pay their rent and relinquished possession pursuant to a judgment of eviction. The term of the lease was from November, 1958, through November, 1963. The original *766 complaint m this action was filed August 7, 1963, and the amended complaint on September 24, 1963. Since the lease provided that the security deposit would not be returned to the lessees until the expiration of the term of the lease, and since the return was conditioned upon the appellants’ prior performance, then obviously this action could not be maintained.
Since the conditions precedent required by the terms of the lease agreement did not exist or had not been performed at the time of the institution of this action, the able trial judge was eminently correct in dismissing the action. See Ballas v. Lake Weir Light and Water Co., 100 Fla. 913, 130 So. 421. It follows that the judgment appealed should be and is hereby affirmed..
Affirmed.