192 So.2d 528 (1966)
PLOWDEN & ROBERTS, INC., a Corporation, Appellant,
v.
Jim CONWAY, Jr., a/k/a J.M. Conway, Jr., d/b/a Conway Construction Company of Greenville, South Carolina, and United States Fidelity & Guaranty Company, Appellees.
No. 220.
District Court of Appeal of Florida. Fourth District.
December 7, 1966.
Rehearing Denied December 30, 1966.
*530 Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for appellant.
M.W. Wells, Jr., of Maguire, Voorhis & Wells, Orlando, for appellee J.M. Conway, Jr., d/b/a Conway Const. Co.
Monroe E. McDonald, of Sanders, McEwan, Schwarz & Mims, Orlando, for appellee United States Fidelity & Guaranty Co.
SMITH, Chief Judge.
This appeal presents for review the propriety of a final judgment dismissing with prejudice the appellant-plaintiff's amended complaint, as amended, for failure to state a cause of action against the appellees, who were the defendants.
The action is based on a construction subcontract and payment and performance bonds given by the defendants. The judgment appealed is predicated chiefly upon the grounds that plaintiff failed to obtain an architect's certificate and give notice in accordance with the general contract and failed to give the surety opportunity to complete the work in accordance with the performance bond. Construing the plaintiff's pleadings in accordance with recognized rules, we reverse on the grounds, among others, that the contractual remedy requiring an architect's certificate and notice was optional or cumulative, not exclusive of common law remedies; that plaintiff did not rescind or annul the contract but elected the common law remedy of cancelling or terminating the contract, reserving the right to damages for its breach; and that the surety's rights to complete the work under the performance bond are a matter of affirmative defense, not assertable by motion to dismiss.
A resume of the plaintiff's allegations of the ultimate facts on which it contends that it was entitled to relief is as follows: Plaintiff, Plowden & Roberts, Inc., entered into a contract with United Steel Erectors, Inc., whereby Plowden agreed to furnish labor and materials in the performance of a part of a subcontract between McDonough Construction Company and United, which was all a part of McDonough's contract for construction of a large store. Plowden then entered into a contract with the defendant, Conway, wherein Conway agreed *531 to perform a part of the sub-subcontract of Plowden. Defendant, Conway, as principal, and defendant, United States Fidelity and Guaranty Company, as surety, executed and delivered their performance and payment bonds to Plowden. The complaint has attached as exhibits the sub-sub-subcontract between Plowden and Conway, the payment and performance bonds given by Conway and U.S.F. & G. to Plowden and the general contract specifications prepared by the architects.
The amended complaint, as amended, alleges that Conway violated and failed to fulfill his obligations and requirements under the contract and the bonds in that he failed to cooperate in the coordination of the work, failed to provide adequate supervision or an adequate and sufficient work force and failed to perform the work in a workmanlike and acceptable manner; that Conway induced a labor dispute among workmen on the job by violating an agreement with labor representatives; that he failed to pay his labor force for the last week on the job and failed to pay expenses incurred by him for services, materials and supplies in the performance of the work; that Plowden met in a conference with Conway, representatives of the owner and the general contractor, wherein Conway informed Plowden that he would not continue with his contract without the payment of funds over and above the contract price; that Plowden then delivered its letter to Conway advising that Plowden had terminated the contract with Conway and would look to Conway for damages caused by Conway's breaches of contract; that Conway departed from the job site the next day and performed no further work; and that defendant, U.S.F. & G., knew of the default of Conway and the termination of the contract by Plowden but took no steps to remedy the default of its principal. Plowden then alleged that it was required to finish the work which Conway had contracted to perform to its damage alleged in detail.
All pleadings are required to be construed so as to do substantial justice. Fla.R.C.P. 1.8(g), 30 F.S.A. In general, the complaint alleged the execution and delivery of the contract and the bonds sued upon, the obligations undertaken by the defendants and their breach and resultant damages, which is generally sufficient to state a cause of action for breach of contract. Cerniglia v. Davison Chemical Company, Fla.App. 1962, 145 So.2d 254. The fact that the complaint involves a contract and two bonds all alleged in one count does not render the complaint subject to a motion to dismiss for failure to state a cause of action. If two separate claims are stated in one count the proper procedure is a motion to compel separate statements of claim. Arcade Steam Laundry v. Bass, Fla.App. 1964, 159 So.2d 915. Since the complaint is not so vague, indefinite and ambiguous as to wholly fail to state a cause of action, a motion for more definite statement is appropriate for the dissipation of vagueness and ambiguity. Frisch v. Kelly, Fla.App. 1962, 137 So.2d 252.
The original complaint alleged in general terms the performance of all the stipulations, conditions and agreements. This was sufficient averment of conditions precedent. Fla.R.C.P. 1.9(c). The amended complaint, as amended, goes further and alleges performance or occurrence of conditions precedent with particularity not required by the rules. When this is done, the sufficiency of the particular allegations may be tested by motion to dismiss. United States F. & G. Co. v. Dist. Grand Lodge No. 27, 1909, 58 Fla. 373, 50 So. 952. The provisions of the above rule permitting general allegations have not altered the rule that the sufficiency of the allegations may be tested by motion to dismiss. Wagman v. Lefcoe, Fla.App. 1964, 167 So.2d 765. The requirement in that rule that a denial of performance or occurrence shall be made specifically and with particularity does not make failure of performance or occurrence of conditions precedent an affirmative defense. If the specific allegations *532 disclose facts which will necessarily defeat the right of action then on motion the complaint may be dismissed. Martin v. Highway Equipment Supply Co., Fla.App. 1965, 172 So.2d 246.
The question of conditions precedent comes in focus when it is noted that the contract between the owner and the general contractor incorporated as a part thereof the American Institute of Architects' General Conditions, 1961 Edition. Article 37 of the General Conditions provides that every subcontractor agrees to be bound by the terms of the contract, the general conditions of the contract and other items therein specified, unless specifically noted to the contrary in a subcontract approved by the owner or architect. The contract between the parties here, Plowden and Conway, was entitled a subcontract. It recited that it was for certain erection services on the job "in accordance with the specifications, drawings, addenda and revisions prepared by * * * Architects as part of this sub-contract insofar as they apply." The work was to be performed "in strict accordance with" those contract plans and specifications.
Article 22 of the General Conditions is entitled "Owner's Right to Terminate Contract". It provides in part: "If the Contractor * * * [should default in certain designated respects] * * * or otherwise be guilty of a substantial violation of any provision of the Contract, then the Owner, upon the certificate of the Architect, that sufficient cause exists to justify such action, may, without prejudice to any other right or remedy and after giving the Contractor, and his surety if any, seven days' written notice, terminate the employment of the Contractor and take possession of the premises * * * and finish the work * * *." (Emphasis added.) Plaintiff's pleadings affirmatively indicate that it did not obtain an architect's certificate or give seven days' written notice.
We will assume arguendo that the contract between Plowden and Conway did by reference incorporate Article 22 of the General Conditions and that, thereby for the purposes of their contract, Plowden became the owner and Conway became the contractor. The right therein given to Plowden to terminate the employment of Conway is permissive to Plowden. Article 22 is for the benefit of Plowden and not for the benefit of Conway. In the event of a breach by Conway as specified in that article then Plowden upon certificate of the architect and after notice may terminate the employment of Conway, but Plowden is not compelled to follow the procedure of Article 22 because it specifically permits such action "without prejudice to any other right or remedy". In short, Article 22, Owner's Right to Terminate Contract, is an optional, cumulative remedy and not exclusive. See Fraenkel v. Friedmann, 1910, 199 N.Y. 351, 92 N.E. 666.[1]
Other rights and remedies for a substantial or material, entire or total breach of contract include the alternative remedies *533 of affirming the contract and bringing an action for damages under it or rescinding the contract, making it a nullity, and seeking restitution, if appropriate, without regard to its terms. 17 Am.Jur.2d, Contracts, §§ 445-446, 509, 516.
The complaint alleges ultimate facts showing the contract between the parties, that because of a substantial and material breach Plowden elected to terminate the contract, and that it did so by a notice in which it expressly reserved the right to damages for Conway's alleged prior breaches. The amended complaint alleges that Plowden elected to terminate the contract with Conway and not merely to terminate Conway's employment under the terms of the contract. Dennison Construction Co. v. McKenna, 1912, 204 N.Y. 404, 97 N.E. 859. The contract did not prevent Plowden from thus asserting against Conway its common law remedy of an action for damages caused by Conway's alleged prior breaches of contract. See Hyman v. Cohen and 17 Am.Jur.2d, Contracts, supra at note 1. In testing the sufficiency of a complaint to state a cause of action all allegations of the complaint are taken as true and possible affirmative defenses are not considered. Livingston v. American Title and Insurance Company, Fla.App. 1961, 133 So.2d 483. Accordingly, we are not able to construe plaintiff's complaint as alleging that plaintiff elected to rescind or annul the contract rather than seek damages for its breach.
The payment bond is conditioned upon Conway promptly making payment to all claimants for all labor and material used in the performance of the contract. It provides that no suits shall be commenced by any claimant, other than one having a direct contract with Conway, unless claimant shall have given written notice. The payment bond recites the direct contract between Plowden and Conway, so the notice provisions of the payment bond are not applicable to Plowden.
The performance bond given by U.S.F. & G. provides that, whenever Conway shall be and declared by Plowden to be in default under the contract, Plowden having performed its obligations thereunder, then U.S.F. & G. may promptly remedy the default or shall promptly (1) complete the contract in accordance with its terms and conditions, or (2) obtain bids for submission to Plowden for completing the contract, arrange for a contract between the bidder and Plowden, and make available sufficient funds to pay the cost of completion, less the balance of the contract price. These provisions permitting U.S.F. & G. to remedy the default by completing the contract or arranging for a contract for completion are not made conditions precedent to suit. The fact that Plowden does not allege a demand upon U.S.F. & G. to remedy the default, complete the contract or obtain a contract for completion, does not totally relieve the compensated surety from all obligations under the performance bond. The bond does not specifically so provide and under the circumstances U.S.F. & G. must plead and prove the damages, if any, resulting from Plowden's failure to permit it to promptly remedy the alleged default in accordance with the terms of the bond. Maule Industries, Inc. v. Gaines Construction Co., Inc., Fla.App. 1963, 157 So.2d 835. The compensated surety's liability is merely reduced by any harm which it has suffered by the fact that it was not accorded its rights to remedy the default. Gruman v. Sam Breedon Construction Co., Fla.App. 1963, 148 So.2d 759, and Equitable Fire and M. Ins. Co. v. Tiernan Building Corp., Fla.App. 1966, 190 So.2d 197. This affirmative defense is not assertable by motion to dismiss. Carson v. City of Fort Lauderdale, Fla.App. 1963, 155 So.2d 620.
The complaint stated a cause of action. The judgment is reversed.
WALDEN, J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.
NOTES
[1] Contracts containing provisions granting rights, options or provisions to cancel or terminate (without expressly reserving other rights or remedies) introduce complications, but even here the distinction is preserved between technical rescission (annulment) and cancellation or termination with right to damages reserved. See Hyman v. Cohen, Fla. 1954, 73 So.2d 393, 397, and 17 Am.Jur.2d Contracts, § 518. There is a conflict of authority as to whether a contractual remedy is exclusive. Dillard Homes, Inc. v. Carroll, Fla.App. 1963, 152 So.2d 738, and Annotation 84 A.L.R.2d 322. Cases concerning exclusiveness of contractual remedies in building or construction contracts are collated in Annotation 84 A.L.R.2d, pages 338-341. However, where, as here, the parties have stipulated that the contractual remedy is not exclusive, no question of interpretation is involved. See Annotation 84 A.L.R.2d, pages 327-328. None of the cases annotated in 107 A.L.R. 1035 contains the provision, found here, reserving other rights and remedies.