DANIEL S. PEARSON, Judge.
All Florida Premium Finance Co., Inc. (Premium Finance), the plaintiff below, appeals a summary judgment entered for Flagship Bank of Jacksonville. We affirm in part and reverse in part.
Premium Finance sued Flagship and others in a four-count complaint. Only Count IV sought relief against Flagship. In that count, Premium Finance claimed that (a) Flagship accepted Premium Finance’s drafts for collection notwithstanding the requirement that such drafts be payable to an insurance company, and notwithstanding that they contained false or fictitious payees or forged endorsements; (b) Flagship conspired with other named defendants to convert the property of Premium Finance by the wrongful acceptance of these drafts and by failing to pay or honor drafts which had legitimate endorsements; and (c) Flagship conspired with other named defendants to cover up these alleged wrongful acts through the devices, inter alia, of freezing Premium Finance’s accounts and engaging in vexatious litigation all for the purpose of interrupting Premium Finance’s cash flow and disrupting its business. Flagship made no effort to compel the plaintiff to set forth these separate causes of action in separate counts. When, however, Premium Finance’s answers to interrogatories demonstrated that there was no genuine issue concerning Flagship’s involvement in the alleged initial conspiracy to convert Premium Finance’s moneys, Flagship moved for a summary judgment as to Count IV.
It is clear that Flagship’s motion for summary judgment was not directed against two of Premium Finance’s claims, that is, *88 the wrongful honoring of drafts and the conspiracy to cover up the alleged wrongdoing. Obviously, then, neither of these claims was conclusively shown to be undisputed or was addressed by the trial court. Flagship contends, however, that when a plaintiff elects to join several claims together in a single count, a sound motion for summary judgment as to any one claim entitles it to summary judgment as to all. While we agree that Flagship’s motion for summary judgment entitled it to a summary judgment as to the alleged initial conspiracy, that is, the conspiracy to convert, we do not agree that it was thereby entitled to summary judgment on the remaining claims merely because they were not set forth in separate counts.
Flagship’s motion apprised Premium Finance solely that Flagship sought to show that there was no genuine issue of material fact as to the alleged conspiracy to convert. Since Flagship concedes that had the unassailed remaining claims been set forth in separate counts, summary judgment as to those claims would be indefensible, we need only determine whether the fact that the claims were joined in a single count makes the summary judgment any more defensible. The answer, we believe, is found in the strikingly similar case of Evans v. Florida Farm Bureau Casualty Insurance Company, 384 So.2d 959 (Fla. 1st DCA 1980):
“Appellant correctly contends that his amended Count I incorporated two claims in the one count, one for the uninsured motorist benefits and the other for damages for breach of its insurance contract by withholding its consent to appellant to settle with Glenn and GEICO or by withholding its consent to appellant to continue the suit against Glenn and GEICO to final judgment thereby causing him to lose GEICO’s $10,000 coverage of Glenn. The second claim of amended Count I was not addressed and apparently was not considered by the trial court in its summary final judgment as to Count I. Appellee Farm Bureau contends that the second claim of Count I should not be considered because Florida Rule of Civil Procedure 1.110(f) requires a plaintiff to state separate causes of action in separate counts. Appellee, however, having failed to object at the pleading stage when the rule violation could be corrected, cannot now be heard to contend that appellant’s two claims under the first count cannot be considered. Cf. Plowden & Roberts, Inc. v. Conway, 192 So.2d 528 (Fla. 4 DCA 1966), and Arcade Steam Laundry v. Bass, 159 So.2d 915 (Fla. 2 DCA 1964).” Id. at 961.
Accordingly, we affirm the summary judgment as it relates to the alleged conspiracy to convert Premium Finance’s property found in paragraph 13 of Count IV of the complaint[1] and reverse the summary judgment insofar as it relates to the remaining two claims found in paragraphs 14 and 15 of Count IV of the complaint.
Affirmed in part; reversed in part.

. In Evans, the court reversed the summary judgment in its entirety. Since the causes of action, although contained in a single count, are separable, we see no reason why a partial summary judgment could not have been entered.